[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Application for review of sentence imposed by the Superior Court. Judicial District of Fairfield at Bridgeport, Docket No. 91-63580, 63581.
Frank Riccio, Esq. Defense Counsel for Petitioner
Jonathan Benedict, Esq. Assistant State's Attorney for the State.
The petitioner was convicted after a trial by jury of Murder in violation of Conn. Gen. Stat. 53a-54a; carrying a Pistol without a permit in violation of Conn. Gen. Stat. 29-35
and Assault 2nd Degree with a Firearm in violation of Conn. Gen. Stat. 53a-60. He was sentenced to a life sentence of 60 years for the murder and five years each on the pistol without a permit charge and Assault 2nd degree with a firearm. The five year sentences were consecutive to each other and to the murder sentence for a total sentence of 70 years to serve. CT Page 7925
The record shows that these vicious crimes happened in a violent area of the city of Bridgeport. The murder victim was a Korean immigrant who did not know the petitioner and was unfortunate to live in an area in which the petitioner established his residency. The brutality of the murder is noteworthy since the petitioner yanked out the victim from her apartment in which she was staying with her two young daughters ages six, and nine. Once dragged outside the children heard shots and went outside to find their mother shot. The autopsy showed that she was shot at close range eight or nine times. The second offense happened a short time later when he followed the second victim into a house and spotted her trying to leave via the back door. He then called to her and shot her in the kneecap.
At the hearing counsel for the petitioner lamely tried to argue that the maximum sentence of sixty years for murder should be reserved for more heinous crimes. He claimed that the sentence imposed by the trial court was unduly harsh and argued that the consecutive portion of the sentence should be modified by this division.
The state's attorney noted that this murder was most vicious and appalling. The petitioner had nothing to do with the victim yet he cruelly took her live within the sight and sound of her children. He argued that the consecutive sentences were for two distinct and separate crimes and that the sentencing court considered them appropriately. He asked this panel to uphold the sentence in that it was appropriate for the crimes committed.
In reviewing the sentencing transcript it shows that the court gave the proper weight to the criminal history of the petitioner, the nature of the crime and the attitude of the petitioner. The sentencing court described the crime as a "horrendous murder committed in execution style. Absolutely no reason was discernible to the Court at trial" . . . . The court went on to find . . . . "no mitigating or saving graces" . . . . This division finds that the total sentence imposed was appropriate when considering the criteria of P.B. 942. The sentence is affirmed.
Norko, J.
Purtill, J. CT Page 7926
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J. participated in the hearing.